Dear Mr. Wimberly:
You have asked this office to advise if the law prohibits one from holding full-time employment for the Sixth Ward and Crowley Gravity Drainage District while also serving as the elected mayor of the Town of lota.
The provisions of the Dual Officeholding and Dual Employment Law, R.S.42:61, et seq., govern questions concerning the holding of two or more public offices and/or employments. R.S. 42:63 (D) provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or fulltime appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (emphasis added).
R.S. 42:63(D) prohibits an individual from simultaneously holding employment in the same political subdivision in which he holds elected office. However, the law does not prohibit one from holding both local elective office and employment in separate political subdivisions.
The mayor of the Town of lota holds elected office within a municipality, while an employee of the gravity drainage district holds employment within a special district designated by statute as a political subdivision of the state. See R.S. 38:1755.[1] *Page 2 
Further, for purposes of dual officeholding, a municipality and a special district are separate political subdivisions as defined by R.S.42:62(9)[2]. Because the positions are in separate political subdivisions, we conclude Mr. Mike Habetz may serve as the elected mayor of lota while employed by the Sixth Ward and Crowley Gravity Drainage District.
Our opinion is consistent with Opinion 87-202 of this office, in which we determined "since a drainage district is a separate local political subdivision [from a] parish governing authority, it is the opinion of our office that a member of a police jury may serve as a full-time or part-time employee of a drainage district. . ." See Opinion 87-202, copy attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT
WILLIAM J. GUSTE, JR., ATTORNEY GENERAL
April 14, 1987
OPINION NO. 87-202
78- Offices-Dual Officehilding
Commissioner of drainage district may also be a police juror. Police juror may be employee of drainage district.
R.S. 38:1607 (A); R.S. 42:63 (D)
RE: Opinion No. 87-202
Honorable Robert L. Istre, Mayor
City of Crowley
Post Box 1463
Crowley, Louisiana 70527-1463
Dear Mr. Istre:
I understand your questions to be as follows:
 1. Whether an elected police juror can also serve as an appointed Commissioner of a Drainage District.
 2. Whether an elected police juror can also serve as an employee of a Drainage District.
1. Your attention is directed to R.S.38:1607 (A), as amended and reenacted by Act 91 of 1982 subsequent to Louisiana's Dual Officeholding and Dual Employment Law (Act 700 of 1979), which reads in pertinent part as follows:
 (A). . . . A Drainage Commissioner . . . may hold the position in addition to any other office that may be held by him. The holding of the position of Drainage Commissioner shall not be considered as Dual Officeholding. . . *Page 2 
It is submitted that the two sentences in the above-quoted language effectively exempts the office of Drainage Commissioner from Louisiana's Dual Officeholding and Dual Employment Law. Therefore, pertermitting consideration of the dual officeholding law, it is the opinion of our office that a Commission Member of a Drainage District may concurrently serve as a member of the Police Jury; also, a member of a Police Jury may also be appointed as a Parish Drainage Commissioner provided he is otherwise qualified and appointed in accordance with R.S.38:1607 and R.S.38:1608.
2. With respect to whether or not a Police Juror may serve as an employee of a Drainage District, R.S.42:63 (D) is the applicable provision in the dual officeholding law which is quoted in pertinent part as follows:
 (D) No person holding an elective office in a political subdivision of this state . . . shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .
Since a drainage district is a separate local political subdivision as is a parish governing authority, it is the opinion of our office that a member of a Police Jury may serve as a full-time or part-time employee of a Drainage District, provided of course there would be no conflict with either duties or compensation. Further, the positions would not constitute incompatible offices. (R.S.42:63D and R.5.42:64))
If you have any further questions regarding this matter please contact me at our office.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY:___________________________
 HARRY H. HOWARD
 SPEC. ASST. ATTORNEY GENERAL
 HHH/jg
[1] R.S. 38:1755 provides:
Gravity drainage districts and gravity sub-drainage districts so created shall be subdivisions of the state within the meaning of the Constitution and statutes of Louisiana relating to incurring debt and issuing bonds therefor.
[2] R.S. 42:62(9) states: "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.